IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE ARBITRATION BETWEEN: | No. C-09-5391-PJH (EDL) |
| LEGACY FINANCIAL SERVICES, INC., | **REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR ORDER CONFIRMING ARBITRATION AWARD AND FOR DEFAULT JUDGMENT** |
| Petitioner, | |
| v. | |
| MARK DAVID GANDOSSY, | |
| Respondent. | |

Petitioner Legacy Financial Services ("Legacy") filed a Petition to Confirm Arbitration Award against Respondent Mark David Gandossy, a resident of the State of North Carolina. Mr. Gandossy was served with the Petition on December 3, 2009 and failed to answer or otherwise respond. Default was entered against Mr. Gandossy on February 16, 2010. Thereafter Legacy filed this Motion for an Order Confirming Arbitration Award and For Entry of Judgment By Default. Legacy's motions were referred to this Court by Judge Phyllis Hamilton on March 11, 2010 for a Report and Recommendation. A hearing on the motions was set for April 20, 2010. However, on April 14, 2010, Petitioner filed a "Declaration of Darvy Mack Cohan Re: Notice of Consent to Order Confirming Arbitration Award and Judgment Thereon." Attached to this declaration are: (1) a Consent Order Confirming Arbitration Award, and (2) a Consent Judgment, both signed by counsel for Petitioner as well as Respondent Mr. Gandossy. Petitioner requests that the district court enter

2

1  these consent orders. For the following reasons and because both parties now consent, the Court
2  hereby recommends that Legacy's Motion for an Order Confirming Arbitration Award and Motion
3  For Entry of Judgment By Default be GRANTED, and the District Court enter the consent orders
4  filed by Petitioner on April 14.

5  On March 8, 2000, Petitioner and Respondent entered into a Registered Representative
6  Agreement for the marketing of securities products. Petition Ex. A (appended on 3/26/10 by
7  Petitioner's Correction of Errata). In the Agreement, the parties agreed to submit any dispute or
8  disagreement arising in connection with any interpretation of the Agreement and its performance or
9  nonperformance to arbitration in Petluma, California and that the findings of fact issued by the
10 arbitrator would be "binding on them in any subsequent arbitration, litigation, or other proceeding."
11 Id.§ 7. The Agreement also provided for an award of attorney's fees and costs to the prevailing
12 party in any action or arbitration to enforce any provision of the Agreement. Id. § 10. Finally, the
13 Agreement provided that judgment upon the arbitrator's award "may be entered by any court having
14 jurisdiction," and that Respondent expressly submitted to the jurisdiction and venue of the United
15 States District Court for the Northern District of California. Id.

16 A dispute arose as to Respondent's liability for indemnity under the Agreement, and
17 Petitioner brought a third-party indemnity claim against Respondent in an ongoing Financial
18 Industry Regulatory Authority ("FINRA") arbitration between Legacy and another individual.
19 Petition ¶ 10-12; Declaration of Darvy Mack Cohan ("Cohan Decl.") Ex. A. Both parties were
20 represented by counsel throughout the arbitration and each submitted proof in favor of their
21 respective positions. Petition ¶ 15. A three-member arbitration panel conducted a one-day
22 evidentiary hearing, and on September 4, 2009, the panel made a written award in favor of Petitioner
23 in the amount of $75,000 in compensatory damages and $37,542.36 in costs and fees. See Cohan
24 Decl. Ex. A. Respondent has failed to voluntarily satisfy the arbitration award, and has not moved
25 to vacate, modify, or amend the award. Petition ¶ 17. Therefore, Petitioner filed this action pursuant
26 to the Federal Arbitration Act, 9 U.S.C. § 9, seeking confirmation of the award. Respondent has not
27 opposed confirmation of the award or otherwise responded to the petition, and has recently signed a
28 Consent Order Confirming Arbitration Award. See Cohan Decl. Re: Notice of Consent, Ex. A.

3

United States District Court
For the Northern District of California

1   The Federal Arbitration Act does not create an independent basis for jurisdiction. See
2   General Atomic Co. v. United Nuclear Corp., 655 F.2d 968, 969 (9th Cir. 1981).  However, the
3   petition properly alleges diversity jurisdiction, and the underlying Registered Representative
4   Agreement on which the arbitration award was based provides for jurisdiction and venue in this
5   District.  See Petition at ¶¶3, 5.  Therefore the District Court has jurisdiction over the matter.  The
6   Federal Arbitration Act proceeding to confirm an arbitration award is intended to be summary.  See,
7   e.g., Northrop Corp. v. Triad Int'l Marketing S.A., 842 F.2d 1154, 1157, n. 7 (9th Cir. 1988).  The
8   district court must grant a timely motion to confirm an arbitration award: (1) if the parties have
9   agreed that a court judgment shall be entered on the award; and (2) unless the arbitration award is
10  vacated, modified, or corrected.  See 9 U.S.C. § 9 ("If the parties in their agreement have agreed that
11  a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall
12  specify the court, then at any time within one year after the award is made any party to the
13  arbitration may apply to the court so specified for an order confirming the award, and thereupon the
14  court must grant such an order unless the award is vacated, modified or corrected as prescribed in
15  sections 10 and 11 of this title.").

16  Here, the parties agreed not only that an arbitrator's findings would be binding in any
17  subsequent litigation, but also that judgment upon the arbitrator's award "may be entered in any
18  court having jurisdiction."  This language shows that the parties agreed to the application of the
19  Federal Arbitration Act and to entry of judgment on the award.  See, e.g., Ono Pharmaceutical Co.,
20  Ltd. v. Cortech, Inc., 2003 WL 22481379 (S.D.N.Y. Nov. 3, 2003); see also PVI, Inc. v. Ratiopharm
21  GMBH, 135 F.3d 1252, 1254 (8th Cir. 1998) (citing In re I/S Stavborg v. National Metal Converters,
22  Inc., 500 F.2d 424, 426-27 (2nd Cir. 1974) ("One purpose of this provision [regarding consent to
23  entry of judgment] is to ensure that the parties have affirmatively agreed to the application of the
24  federal substantive law contemplated by the Act to the interpretation of the arbitration agreement
25  into which they have entered.").  In addition, there is no indication that the award is or should be
26  vacated, modified, or corrected, nor is there any motion to change the award.  Instead, Respondent
27  has consent to an order confirming the award.  For the foregoing reasons, it is hereby recommended
28  that Petitioner's Motion For An Order Confirming Arbitration Award be GRANTED.

4

1    Petitioner also seeks an order of default judgment against Petitioner, and makes a claim for
2 costs and fees incurred in connection with enforcing the arbitration award, as well as interest on the
3 arbitration award. Federal Rule of Civil Procedure 55(b)(2) authorizes the Court to enter judgment
4 against a defendant against whom a default has been entered, assuming that defendant is not an
5 infant, is not incompetent or in military service. Upon entry of default, the factual allegations of the
6 complaint are taken as true, except for those relating to damages. See Televideo Systems, Inc. v.
7 Heidenthal, 826 F.2d 915, 917 (9th Cir.1987). Petitioner has established that Respondent is not an
8 unrepresented minor, incompetent person or in military service. See Cohan Decl. ¶ 4. Petitioner has
9 also established that the arbitrator awarded it $75,000 in compensatory damages and $37,542.36 in
10 costs and fees. See Cohan Decl. Ex. A. Petitioner has also shown that the underlying Agreement
11 provides for an award of attorney's fees and costs to the prevailing party. Petition Ex. A at §10.
12 Petitioner has established by declaration that it has expended $6,200 in attorney's fees and $350.00
13 in costs in enforcing the arbitration award. See Cohan Decl. ¶¶ 9-11. Respondent has signed a
14 Consent Judgment including these costs and fees. See Cohan Decl. Re: Notice of Consent, Ex. B.
15 Therefore, judgment in the amount of $112,542.36, as well as $6,550.10 in costs and fees incurred in
16 enforcing the award, is appropriate.

17    Petitioner also claims that it is entitled to interest of ten percent per annum on the arbitration
18 award, which currently totals $6,475.04. Though Petitioner has not pointed to anything in the
19 underlying agreement establishing 10% per annum as the appropriate rate for interest, Respondent
20 has consented to a judgment including a 10% prejudgment interest rate. See Cohan Decl. Re: Notice
21 of Consent, Ex. B. For the foregoing reasons, it is hereby recommended that Petitioner's Motion For
22 Default Judgment be GRANTED.

23 **Conclusion**

24    For the following reasons, the Court hereby recommends that Legacy's Motion for an Order
25 Confirming Arbitration Award be GRANTED, and Motion For Entry of Judgment By Default be
26 GRANTED, and that the District Court enter the consent orders filed by Petitioner on April 14,
27 2010. Any party may serve and file specific written objections to this recommendation within ten
28 (10) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil

5

Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

**IT IS SO RECOMMENDED.**

Dated:   April 15, 2010

_Elizabeth D. Laporte_
ELIZABETH D. LAPORTE
United States Magistrate Judge